# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) Magistrate Docket No. _____ |
| | ) 08 MAY 27 AM 11: 24 |
| Plaintiff | ) '08 MJ 1636 |
| | ) COMPLAINT FOR |
| v. | ) VIOLATION OF: |
| | ) TITLE 8 U.S.C. § 1326 |
| Miguel DE JESUS-Martinez | ) Attempted Entry After Deportation |
| AKA: Felix Lorenzo PRADO | ) |
| | ) TITLE 18 U.S.C. § 1544 |
| | ) Misuse of Passport |
| | ) |

The undersigned complainant, being duly sworn, states:

### Count 1

On or about May 23, 2008, within the Southern District of California, defendant Miguel DE JESUS-Martinez, an alien, who previously had been excluded, deported and removed from the United States to Mexico, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the San Ysidro Port of Entry, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

### Count 2

On or about May 23, 2008, within the Southern District of California, defendant Miguel DE JESUS, did knowingly and willfully use a passport issued or designed for the use of another, with the intent to gain admission into the United States in the following manner, to wit: Defendant applied for entry to the United States by presenting US passport number 036372417, issued to Felix Lorenzo PRADO to a Department of Homeland Security, Customs and Border Protection Officer, knowing full well that he was not Felix Lorenzo PRADO, that the passport was not issued or designed for his use, and that he is not a United States citizen entitled to a U.S. Passport. All in violation of Title 18, United States Code, Section 1544.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

Richard M. Escott
Senior Special Agent
U.S. Department of State
Diplomatic Security Service

SWORN AND SUBSCRIBED TO before me
This __27th__ day of __May__, 2008.

_____ UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT & STATEMENT OF FACTS

I, Richard Michael Escott, being duly sworn, declare under penalty of perjury that the following statement is true and correct:

1. I am a Senior Special Agent (SSA) with the U.S. Department of State, Diplomatic Security Service (DSS) assigned to the San Diego, CA Resident Office. I have been so employed for eight years and have investigated numerous violations involving the false application for and misuse of United States Passports and Visas.

2. During the performance of my duties, I have obtained evidence that Miguel DE JESUS-Martinez used the passport issued for the use of another and attempted to reenter the United States after having been deported. This Affidavit is made in support of a complaint against DEFENDANT for violation of Title 18, U.S.C., Section 1544, Misuse of a passport and Title 8 U.S.C., Section 1326, Attempted Reentry After Deportation.

3. On 05/23/2008, at approximately 1430 hours, DEFENDANT presented himself to a Department of Homeland Security, Customs and Border Protection (CBP) Officer at the pedestrian lines of the San Ysidro Port of Entry, to apply for admission into the United States. DEFENDANT identified himself with US Passport number 036372417, bearing the name Felix Lorenzo PRADO, DPOB 05/24/1959, Mexico, and a photograph of DEFENDANT. The CBP Officer recognized discrepancies in the security features of the passport. DEFENDANT admitted that his true name was Miguel DE JESUS-Martinez and was referred for secondary inspection.

4. On 05/23/2008, a CBP Officer conducted a secondary inspection of DEFENDANT. Fingerprint checks revealed that DEFENDANT had a FBI record in NCIC for previous arrests in the name Miguel DEJESUS. Immigration checks indicated that DEFENDANT had been previously deported to Mexico on or about 04/24/2008. DEFENDANT was kept in the secondary inspection area.

5. On 05/23/2008, at approximately 2200 hours, the Affiant was notified by the CBP from the San Ysidro POE, of the case.

6. On 05/23/2008, the Affiant conducted checks of the US Department of State, U.S. Passport database. The Passport application for US Passport number 036372417 shows that it was issued in the identity of Felix Lorenzo PRADO and a photograph different than the photograph on the passport presented by DEFENDANT.

7. On 05/23/2008, at approximately 2330 hours, DEFENDANT was retrieved from the secondary inspection area and was brought to an upstairs interview room. The Affiant, assisted by a CBP Officer, who also acted as translator, provided DEFENDANT his Miranda warning which he read aloud in Spanish from a written copy and was subsequently read the warning in Spanish. He indicated that he understood and waived his right to counsel. He admitted that his true name was Miguel DE JESUS-Martinez, DPOB, 05/07/1954, Guerrero, Mexico. He stated that he was a citizen of Mexico and not a citizen of the United States. He said that he purchased U.S. Passport number 036372417, bearing the name Felix Lorenzo PRADO, for $190 from a smuggler who had taken DEFENDANT's photograph and had it placed on the passport. DEFENDANT admitted that he then used the passport on 05/23/2008 to apply for entry into the United States at the San Ysidro Port of Entry.

8.  DEFENDANT admitted that he had been previously convicted for the sell of cocaine, methamphetamine, marijuana and possession of a weapon. He said that after serving a prison term he was ordered deported by an immigration judge and subsequently removed to Mexico in late May, 2008.

9.  DEFENDANT acknowledged that he knew that the US Passport that he used was not issued or designed for his use and that it had been photo substituted. He also admitted he did not obtain or attempted to obtain permission from the US Government to reenter the U.S. after having been deported.

10. On the basis of the facts presented in this probable cause statement consisting of 2 pages, there is probable cause to believe that the defendant named in this probable cause statement committed the offences on 05/23/2008 - in violation of Title18, United States Code, Section 1544: Misuse of a passport - when he knowingly and willfully used the passport belonging to another, Felix Lorenzo PRADO, knowing that it was not issued or designed for his use, in order to gain admission into the United States and Title 8, United States Code, Section 1326: Attempted Reentry After Deportation – when being an alien, who previously had been excluded, deported and removed from the United States to Mexico, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the San Ysidro Port of Entry, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States.

_____  5/24/2008  /1500hrs.
Richard M. Escott
Senior Special Agent
U.S. Department of State
Diplomatic Security Service

_____   5/24/08   3:47 p.m.
UNITED STATES MAGISTRATE JUDGE    Date:      Time: